CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 1 5 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

PRINCIBLE LAGUERRE,      )
         )
     Petitioner,      )      **Case No. 7:07CV00272**
         )
v.      )      **MEMORANDUM OPINION**
         )
UNITED STATES OF AMERICA,      )
         )      **By: Hon. James C. Turk**
     Respondent.      )      **Senior United States District Judge**

Petitioner Princible Laguerre ("Laguerre"), represented by counsel, brings this action as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Laguerre claims several instances of ineffective assistance of counsel. Respondent filed a motion to dismiss to which Laguerre filed a motion to amend and a supplemental petition for relief. Laguerre's motion to amend was taken under advisement and respondent was directed to respond to the issue of timeless of the issues raised in the supplemental petition. Respondent filed a response to Laguerre's supplement, thus, making the matter ripe for the court's consideration. For the foregoing reasons, the court finds that Laguerre's claims are either untimely or lack merit and concludes that the motion to dismiss must be granted.[1]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 6, 2003, a federal grand jury returned a three-count superseding indictment against Laguerre and four co-defendants. Laguerre was charged with conspiracy to distribute and possession with the intent to distribute over fifty grams of cocaine base and five kilograms or more

---

[1] Laguerre, proceeding pro se, filed his original motion to vacate, pursuant to 28 U.S.C. § 2255, on May 29, 2007. On September 14, 2007, Melisa W. Gay was given permission to proceed pro hac vice as lead counsel in this matter, with Jennifer T. Stanton proceeding as local counsel.

of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count One). Laguerre was tried by jury on October 28-30, 2003, and was found guilty of Count One.

On January 21, 2004, Laguerre was sentenced to 360 months incarceration. On January 6, 2005, the United States Court of Appeals for the Fourth Circuit affirmed Laguerre's conviction, holding that the District Court's errors in admitting cellular telephone toll records and summary charts prepared from those records were harmless. See United States v. Laguerre, 119 Fed. App'x 458, 461-62 (4th Cir. 2005). On May 12, 2005, on rehearing, the Court of Appeals for the Fourth Circuit vacated Laguerre's sentence and remanded the case for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). On October 3, 2005, the Supreme Court of the United States denied Laguerre's petition for writ of certiorari. See Laguerre v. United States, 546 U.S. 914 (2005). On May 30, 2006, this court resentenced Laguerre to 240 months incarceration, to be followed by 60 months of supervised release. Laguerre did not appeal.

In his original motion to vacate, Laguerre contends that his counsel was ineffective for failing to object to the introduction of a photo of an alleged co-conspirator, who was present in a nearby holding cell, but not called as a government witness. Laguerre further contends that counsel was ineffective for failing to object to or challenge the time-frame of the conspiracy as charged in the indictment. In his supplemental petition, Laguerre claims that counsel was ineffective by failing to adequately investigate his case and prepare sufficiently for trial. Laguerre again alleges that counsel was ineffective for failing to object to the time-frame in the indictment. Specifically, Laguerre argues that counsel was ineffective in failing to raise an objection or to file a motion to quash the indictment based on the fact that Laguerre did not have any dealings in the conspiracy until 2000.[2]

---

[2] The indictment alleges criminal activity from some time in 1996 up until 2003.

- 2 -

Laguerre again alleges that counsel was ineffective in failing to object to the prosecutor using photographs of co-defendants at trial as opposed to calling the co-defendants as witnesses and subjecting them to cross-examination. Finally, Laguerre alleges that counsel was ineffective at sentencing by failing to object to the drug amounts attributed to Laguerre in the pre-sentence report. Laguerre contends that his base offense level should have been significantly lower based on the actual time frame that he participated in the conspiracy.

## II. STATUTE OF LIMITATIONS

Respondent agrees that the two issues previously raised in Laguerre's petition are ripe for resolution; however, he contends that the newly raised issues in petitioner's amendment are barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), establishes a one-year limitations period, which governs § 2255 cases.[3] The court entered an amended judgment[4] on June 1, 2006, and Laguerre's conviction became final ten business days later when his time to appeal ran. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b). Accordingly, Laguerre's conviction became final and his statutory filing period under § 2255 para. 6(1) began to run on June 15, 2006. Therefore, he had one-year, or until June 15, 2007, to file a § 2255 petition challenging his conviction and sentence.

---

[3] Specifically, § 2255 provides that the one-year limitations period shall run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[4] See United States v. Dodson, 291 F.3d 268 (4th Cir. 2002) (where remand requires the district court to re-sentence the defendant, the one-year statute of limitations in § 2255 does not begin to run until there is a final judgment as to that sentence, not the original sentence).

- 3 -

Laguerre filed his original petition on May 29, 2007, within the requisite time-period; however, he did not file his amended petition until September 10, 2007, well-beyond the statute of limitations.

An amendment to a pending motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, is also subject to the one-year statute of limitations set forth in § 2255 para. 6 and is properly denied as untimely unless the amendment relates back to a timely raised claim, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. See Mayle v. Felix, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order"); see also United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (finding that the "relation-back" exception is available only when an otherwise time-barred claim is found to have arisen out of the same occurrence, conduct, or transaction set forth in a timely filed motion).

Although the two new claims raised by Laguerre in his amended petition all relate to the ineffective assistance of counsel, they arise out of separate occurrences of both time and type than the claims which petitioner alleges in his original petition. The two claims in Laguerre's original motion concern counsel's failure to object to allegedly inadmissible evidence at trial and his failure to object to portions of the indictment at trial. Laguerre's amended claims concern counsel's general failure to properly investigate and prepare for trial and counsel's failure to object to the drug amounts attributed to Laguerre at sentencing. Clearly, the latter two claims pertain to two completely different time-periods and conduct and are not related in any way to Laguerre's original claims of ineffective assistance. Accordingly, as Laguerre's new ineffective assistance of counsel claims do not relate back to the claims raised in his initial § 2255 motion, the court finds that they are untimely and, therefore, declines to grant Laguerre's request to amend as to those claims. See Pittman, 209

- 4 -

F.3d at 318 (a broad view of "relation back" would undermine the limitations period set by Congress in the AEDPA). The court will grant Laguerre's request to amend and expound upon his two original claims, however.

## III.  STANDARD OF REVIEW

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). Laguerre bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

## IV.  ANALYSIS

Laguerre bears the burden of establishing that counsel's failure rose to the level of a Sixth Amendment violation under Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland. First, a petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, a petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

- 5 -

different." Id. at 694. <u>Strickland</u> establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

## A. Counsel's Failure to Object to the Photographs

Laguerre first claims that counsel was ineffective in failing to object to the prosecutor using photographs of co-defendants Raymond Simon and Nixon Plaisir at trial as opposed to calling the co-defendants as witnesses and subjecting them to cross-examination. Specifically, Laguerre contends that counsel should have objected to the government's use of the photographs and either should have requested that the government be required to call Simon and Plaisir to testify at trial or called the witnesses himself. Laguerre argues that, in failing to make an objection, counsel failed to allow Laguerre to confront the actual witnesses. Laguerre claims that counsel's behavior was unreasonable and significantly prejudiced him in the outcome of his trial.

Upon review of the record, the court finds that Laguerre's claim fails on the merits. The government presented the photographs of Simon and Plaisir merely to identify two of the four co-defendants that were charged in the indictment. DEA Agent, Stephen Johns, a primary investigator in the case, testified that he had participated in four controlled drug transactions with Laguerre and, as a result, a federal indictment was issued to include Laguerre and four co-defendants. Photographs of Simon and Plaisir were then identified by Johns. Johns indicated that he was generally familiar with Simon and Plaisir through the investigation and that he had seen them before. The government did not attempt to use those photographs to estimate the co-defendants' testimony; they were used merely as demonstrative evidence to illustrate Johns' testimony concerning a conspiracy. Thus, there was no need, as Laguerre contends, for the government to call those witnesses to be cross-examined. There was certainly no need to call the witnesses to identify their own photographs. The government

- 6 -

agent, familiar with the co-defendants and their respective roles in the conspiracy, was a proper witness and his testimony was sufficient. Moreover, the photographs themselves were not inadmissible. All evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable is relevant and admissible. Fed. R. Evid. 401, 402. Laguerre was charged with conspiring to distribute narcotics and, thus, any evidence pertaining to other co-conspirators was relevant and admissible. Accordingly, counsel was not deficient for failing to object to a legally frivolous argument. See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987); see also Evans v. Thompson, 881 F.2d 117, 125 (4th Cir. 1989) (decision not to object is a tactical decision).[5]

Finally, an attorney's tactical error or failure to raise an objection must be incompetent and prejudicial in order for petitioner to prevail in an ineffective assistance of counsel claim. Fitzgerald v. Thompson, 943 F.2d 463 (4th Cir. 1991). Laguerre cannot establish the prejudice prong of Strickland as there was more than enough evidence to convict Laguerre, despite the identification of the two co-defendants in photographs. Co-defendant, Fritz Adrevil, witness, Kevin Salgado, and many other government witnesses, testified as to Laguerro's involvement in the drug conspiracy. Also, video-tape evidence of multiple controlled buys was admitted. Thus, Laguerre cannot prove that the outcome of the trial would have been different had counsel objected to the photographs or

---

[5] Furthermore, Laguerre's alternative contention that counsel should have called these witnesses himself is without merit as counsel's decision not to call Simon and Plaisir could very well have been reasonable trial strategy. Simon and Plaisir, as co-defendants familiar with Laguerre's illegal activities, could have easily harmed Laguerre's defense. This court cannot second guess counsel's reasonable trial strategy as to which witnesses to call. Strickland, 466 U.S. at 681. Moreover, Laguerre fails to indicate what favorable testimony these witnesses would have provided if they had been called to testify.

Case 7:07-cv-00272-JCT-mfu   Document 17   Filed 11/15/07   Page 7 of 9   Pageid#: 67

had he called Simon or Plaisir as witnesses. Accordingly, Laguerre is not entitled to § 2255 relief as to his first claim.

## B. Counsel's Failure to Object to the Indictment

Laguerre further claims that counsel was ineffective for failing to challenge the indictment based on the fact that Laguerre did not have any dealings in the conspiracy until 2000. The indictment defined the time-frame of the conspiracy as "beginning on a date unknown to the Grand Jury, but not before January of 1996, and continuing through the return date of this indictment." Laguerre further contends that counsel should have moved to quash the indictment to require the government to commit to a drug amount before the trial to clarify and limit Laguerre's exposure at trial.

When the date specified in the indictment is not a material element of the charge, strict chronological specificity or accuracy is not required, United States v. Kimberlin, 18 F.3d 1156, 1159 (4th Cir. 1994), and, even if the date in the indictment is incorrect, it does not bar conviction. United States v. Prescod, 59 Fed. App'x 526 (4th Cir. 2003). Furthermore, the starting date of a conspiracy need not coincide with the starting date alleged in the indictment. United States v. Queen, 132 F.3d 991, 999 (4th Cir. 1997). Once again, the court notes that counsel was not deficient for failing to raise a legally frivolous argument. See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987). Moreover, Laguerre does not contend that he was held responsible for the drugs amounts of his co-conspirators between 1996 and 2000. Finally, Laguerre offers no support for his claim that the result of any proceeding would have been different had his attorney objected to the indictment time-line. Accordingly, Laguerre is also not entitled to § 2255 relief as to his second claim.

## V. CONCLUSION

Accordingly, the court will grant respondent's motion to dismiss as to all claims. An appropriate Order shall be issued this day.

**ENTER:** This _15th_ day of November, 2007.

_James C. Turk_

Senior United States District Judge